CONTINENTAL ILLUSTRATING CO. *vs.* LONGLEY MOTOR SALES COMPANY.

JUNE 15, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Contracts.  Evidence.  Fraud.*

As between parties to a written contract, where one party is induced by the false statement of the other, to sign the same, he is not bound thereby and may defend against the contract on the ground of fraud even though he was negligent in signing the contract without reading it.

*(2)  Contracts.  Parol Evidence Rule.  Interpretation.*

The parol evidence rule does not preclude the admission of extrinsic evidence for the purpose of aiding in the interpretation or construction of a written instrument where the language of the instrument itself taken alone is such that it does not clearly express the intention of the parties or the subject of the agreement.

ASSUMPSIT.    Heard on exceptions of plaintiff and overruled.

SWEENEY, J.    This is an action of assumpsit and is now before the court on the plaintiff's bill of exceptions.  After a trial in the Superior Court the jury returned a verdict for the defendant; the plaintiff then duly filed a motion for a new trial which was denied by the trial justice.

The action is based upon a written order signed by the defendant ordering plaintiff to ship to it, "52 cuts  . . . and reading matter for our exclusive use for one year in advertising the auto supply business in the city of Pawtucket, State of R. I. only."

The order is dated July 24, 1919, and was accepted by the plaintiff, July 26, at its office in New York City.  August 1, the plaintiff received a letter from the defendant, dated July 31, canceling the order because similar advertising matter had just appeared in a Providence newspaper which was being circulated in the city of Pawtucket as freely as the local papers were being circulated.  The plaintiff declined to cancel the order and, August 19, shipped the advertising cuts and reading matter to the defendant.  The defendant declined to receive the shipment and this action is brought to recover the amount the plaintiff claims to be due for said advertising cuts and reading matter.

The plaintiff claims two exceptions to the admission of testimony.  The testimony objected to is to the effect that the plaintiff's agent, while soliciting defendant's order, told the defendant's agent that the nearest place which would have similar advertising matter would be Newport.  The defendant's agent testified that he relied upon this statement when he signed the order.  About five days later, similar advertising appeared in a Providence newspaper which was being circulated in Pawtucket and defendant immediately canceled the order.  As it was more than twenty days before the plaintiff was ready to supply the advertising cuts and matter to the defendant, it is reasonable to assume that the person advertising similar matter in the Providence newspaper had a contract with the plaintiff before the time the plaintiff's agent solicited the order from the defendant.  This testimony was properly admitted as it is well settled that, as between parties to a written contract, where one party is induced by the false statement of the other to sign the same, he is not bound thereby and may defend against the contract on the ground of fraud even though he was negligent in signing the contract without reading it.  *Weil* v. *Quidnick Manufacturing Co.*, 33 R. I. 58; 22 C. J. 1215.

The printed order was presented by the plaintiff's agent to the defendant's agent and after it was signed by the defendant's agent it was accepted by the plaintiff.  The

meaning of the order is not clear and its language is fairly susceptible of two constructions. It may mean that the defendant was to have the exclusive right to publish the advertising matter in the city of Pawtucket only; or it may mean that the plaintiff agreed that the defendant should have the exclusive use of the advertising matter in the city of Pawtucket. The defendant's agent contends that this latter construction is in accordance with the agreement he made with the plaintiff's agent, and the testimony objected to was also admissible in order to enable the court and jury to give a correct interpretation or construction of the written order. The rule, as stated in 22 C. J. 1173, is that the parol evidence rule does not preclude the admission of extrinsic evidence for the purpose of aiding in the interpretation or construction of a written instrument where the language of the instrument itself, taken alone, is such that it does not clearly express the intention of the parties or the subject of the agreement.

The plaintiff's exceptions to the admission of the testimony are overruled and the remaining exception is waived. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Edward C. Stiness, Daniel H. Morrissey, Christopher J. Brennan,* for plaintiff.

*Nathan W. Littlefield,* for defendant.