JOHN J. ALLEN *vs.* MICHAEL A. PERRINO, *et al.*

NOVEMBER 20, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J.   This is an action in assumpsit brought by John J. Allen against Michael A. Perrino and George P. Perrino based on a written agreement in the following form:

"The Village of Natick,
Town of West Warwick,
County of Providence,
State of Rhode Island.
June 21, 1928.

"In transferring this chattel mortgage to John J. Allen of the county and city of Providence on record in the city of Cranston in book 17, page 544, I hereby agree to assume payment of whatever unpaid balance of reservation of title on fixtures only.
Michael A. Perrino
George P. Perrino."

This agreement was entered into by the defendants in connection with the sale to the plaintiff of a certain mortgage of personalty. This mortgage was given by the Forest Hills Pharmacy, Inc., of Cranston, to the defendant, Michael A. Perrino, to secure a loan of $1,500 made to this mortgagor by said mortgagee. The mortgage covered a stock of goods and fixtures located at 604 Reservoir avenue in the city of Cranston, excepting only a Frigidaire which was declared to be on lease from the What Cheer Creamery Co. of Pawtucket.

On June 22, 1928, after some previous negotiations, this mortgage was sold to the plaintiff for $1,000. At the time the money passed, or immediately thereafter, the plaintiff brought up the question of whether there were any outstanding claims against the fixtures. The defendant Michael A. Perrino testified that this was asked because of the reference made in the mortgage to the lease of the Frigidaire. He assured plaintiff that there were no claims and then offered to engage to pay for any claims of that nature, if any should be discovered. A person by the name of John M. Moore, who acted as agent for the plaintiff in negotiating the terms of the sale, and who was more or less his legal advisor in the matter, testified that he wanted to be sure that his friend Allen was protected and that he wanted Perrino to make a contract, although he did not doubt his word. The agreement set out above was then written out by George P. Perrino and handed to Moore who read it and then told Allen it was "o. k."

It was sometime after this transaction, plaintiff testified, that he first learned of a prior chattel mortgage on this personalty in favor of the Knight Light and Soda Fountain Company of record in the proper office, and that there was still owed on this mortgage the sum of $496.22. The plaintiff paid this sum apparently to protect the mortgage which he bought from Perrino against the possible foreclosure of the prior mortgage. Having done this, he then demanded reimbursement from the defendants under the

written agreement, which he claimed covered this chattel mortgage. They refused to acknowledge any such claim, saying that the agreement referred, not to any outstanding prior mortgage, but to any claim that might arise on account of the chattels held under the Perrino mortgage being on conditional sale or, as stated in the agreement, where there was a reservation of title, which they claimed was the same thing. Thereupon Allen brought suit alleging that the said agreement covered the mortgage debt due the Knight company. The death of defendant George P. Perrino having occurred after suit was brought, the action was dropped as to him after suggestion of his death upon the record.

The case was tried before a justice of the superior court sitting with a jury and at the conclusion of the evidence the court, on motion of the defendant, directed the jury to return a verdict for the defendant on the ground that there was no question of fact for the jury because the words "reservation of title" used in the agreement referred to a conditional sale and could not be extended to mean a chattel mortgage. The plaintiff excepted to this ruling and to other rulings of the trial justice, who in the course of the trial permitted certain questions to be propounded to witnesses over plaintiff's objections, and has brought his bill of exceptions to this court.

Plaintiff contends that the words "reservation of title" may refer either to a conditional sale or to a chattel mortgage, and that parol evidence is admissible to explain in what sense they were used in this transaction. He insists, therefore, that the trial justice erred in ruling that the words "reservation of title" as a matter of law meant only a conditional sale. In support of his contention, the plaintiff cites numerous authorities, only two of which are Rhode Island cases, *Arnold* v. *Chandler Motors*, 45 R. I. 469, and *Lennon* v. *L. A. W. Acceptance Corp.*, 48 R. I. 363. These cases do not support the statement of the law as made by the plaintiff. Indeed, in *Arnold* v. *Chandler Motors* this

court held that a conditional sale was not a mortgage. Several times in the course of the opinion the words "reservation of title" are used to indicate a conditional sale as distinguished from a mortgage and the court frankly refers to the fact that in some jurisdictions such a sale is held to be absolute, notwithstanding such explicit reservation of title in the seller, but it does not follow those jurisdictions. A fair reading of that case, it seems to us, justifies rather the contention of the defendant that the words "reservation of title," when used with reference to chattels, have only one proper application in this state at least, and that is to a conditional sale, and not to a mortgage. *Lennon* v. *L. A. W. Acceptance Corp., supra,* does not modify or limit the holding in *Arnold* v. *Chandler Motors, supra;* rather it deals with the question of ownership under a statute governing the operation of motor vehicles on public highways, and, therefore, cannot be of any assistance to the plaintiff in this case.

Since the words "reservation of title" have a definite, precise legal meaning, the parties to the agreement must be presumed to have known what these words meant and to have intended to use them to express that meaning. Parol evidence is not admissible to explain that the parties in this instance used them to mean something else.

In an early case, *Knowles* v. *Nichols,* 2 R. I. 198, it was held, quoting from *Kenyon* v. *Nichols,* 1 R. I. 411, that a deed must be construed by its own language, for it is that selected by the parties, and that the question was not what the parties intended aside from the deed but what interest was conveyed by the language used by the parties in the deed.

In *Watkins* v. *Greene,* 22 R. I. 34, this court declined to approve the introduction of oral evidence to explain that the term "appurtenances" in a lease of premises, to be used for jewelry manufacturing purposes, included with the premises the furnishing of steam and forced air in accordance with an alleged custom or usage.

The cases cited by the plaintiff in support of his contention that parol evidence is admissible to explain the meaning of the words are cases in which it was held that such evidence was admissible where there was a latent ambiguity or fraud in the inducement of the contract or proof of mistake. In none of the cases was there a question similar to the one before us. For example, in *Wholey Boiler Works* v. *Lewis*, 45 R. I. 441, the court, in holding the parties to the written terms of their contract, said: "The intention of the parties is to be deduced from the language employed by them, and the terms of the contract, when not ambiguous, are conclusive, in the absence of the averment and proof of mistake, the question being, not what intention existed in the minds of the parties, but what intention is expressed by the language used." In *Sutcliffe* v. *Pawtucket Amusement Co.*, 51 R. I. 493, this court held that an agreement providing for an award by arbitrators meant a unanimous decision of the arbitrators under the settled law of the state and that, had the parties intended an award by a majority of the arbitrators, they would undoubtedly have said so, and that in using the words in the agreement they intended them to be taken in their literal sense. In *Continental Illustrating Co.* v. *Longley Motor Sales Co.*, 43 R. I. 552, this court said that the meaning of the order there involved was not clear, and that the language used was fairly susceptible of two constructions. Parol evidence was therefore admissible to make clear the meaning of the words used. In that case there was fraud in the inducement of the contract, which was a further reason for letting in parol evidence, the court saying, "where one party is induced by the false statement of the other to sign the same, he is not bound thereby and may defend against the contract on the ground of fraud even though he was negligent in signing the contract without reading it."

These are the Rhode Island cases relied on by the plaintiff and none of them, it seems to us, support the proposition

advanced by him, that the words "reservation of title" used in a memorandum agreement connected with the sale of a chattel mortgage may be explained by parol evidence, and that it is within the province of the jury to determine in the light of such evidence what the words really meant in this transaction.

As to the latter part of this proposition, the plaintiff cites *Johnson* v. *Kile & Morgan Co.*, 49 R. I. 99. In that case this court held, citing 6 R. C. L. 862, that, generally, construction of written contracts is for the court and not for the jury, except that where ambiguous words are used or where obscure references are made to unexplained circumstances the true interpretation of the language may be left to the jury for the purpose of carrying into effect the real intention of the parties. This is clearly not the case with which we are dealing here.

Considering the authorities cited above, we feel justified in saying that the words "reservation of title" have a definite legal meaning in this state. They speak for themselves and need no parol evidence to explain them. They do not, when used in connection with personalty, refer to a chattel mortgage but rather to a conditional sale. Therefore, we are of the opinion that the trial justice did not err when he decided that, as a matter of law, these words had an established legal meaning and that there was no question of fact to be submitted to the jury.

The plaintiff, finally, contends that he was entitled to have the case submitted to the jury on the common counts. His declaration alleged two counts, one on the express contract and one on the common counts. On the trial, he sought to prove only the first count and to establish an express contract by which the defendants were engaged to pay any balance due on "reservation of title on fixtures only," but he failed to prove any balance so due. There could not, under these circumstances, be any finding on the common counts. The express contract as alleged in the

first count was established but the facts proved on the trial did not constitute a breach of said contract.

Plaintiff relies on the case of *Scanlon* v. *Anderson*, 49 R. I. 470, in support of his contention. In that case the plaintiff failed to establish the existence of a special contract as alleged in his declaration, that he was to receive the sum of $50 for attendance at each operation performed by the defendant, but there was evidence that the services of the plaintiff had been rendered at the request of the defendant and that the reasonable value thereof for each attendance was $50. On this state of the evidence, the trial justice, sitting without a jury, gave decision for the plaintiff. This decision was not based on the special contract as declared on, but on the common counts. In sustaining the decision of the trial justice, this court said: "Defendant's contention that if the evidence showed an express contract recovery could not be had on an implied one of a different nature, *Beggs* v. *James Hanley Brewing Co.*, 27 R. I. 385, or for a different amount, is inapplicable because no express contract for plaintiff's services was established." It seems clear to us that this case cannot support the plaintiff's contention here. He has established an express contract by which the defendant is obligated "to assume the payment of whatever unpaid balance of reservation of title on fixtures only," but he has failed to prove any breach thereof.

The plaintiff's exception to the direction of a verdict for the defendant Michael A. Perrino is therefore overruled. The plaintiff's other exceptions, for reasons set out above, are likewise overruled. The case is remitted to the superior court for the entry of judgment on the verdict as directed.

*Archie Smith, Francis I. McCanna*, for plaintiff.

*Knauer & Fowler, Philip S. Knauer, Jr.*, of Providence, for defendant.