**David JONES and Rosemary Jones**

v.

**Vincent MORETTI, Jamie Moretti, alias, and Ernest Bergeron, alias.**

No. 97–332–A.

Supreme Court of Rhode Island.

June 26, 1998.

Paul L. Foster, Lincoln.

James E. Kelleher, David P. DeStefano, Warwick.

### ORDER

This case is before the Court on the appeal of the plaintiffs, David and Rosemary Jones (plaintiffs), from the dismissal of their claims for fraud against one of the defendants, Ernest Bergeron (Bergeron), following a motion to dismiss filed pursuant to Super.R.Civ.P. 12(b)(6). The plaintiffs contend that the trial justice erred in ruling that plaintiffs' claims against Bergeron, for fraud in the sale of land, had expired due to the running of the statute of limitations. Following a prebriefing conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

In October 1982 Bergeron purchased a recorded unimproved lot in the town of West Greenwich from Stubblebrook Partnership. In order to be able to construct any dwelling thereon, he was required to first make application to the Department of Environmental Management (DEM), for a permit to install an individual septic sewer disposal system (ISDS). Bergeron engaged the services of an engineer to prepare the application for submission to DEM. In it, reference was made that a seven (7) foot dry hole on the lot had been made and the water table test hole pipe remained on the lot. That information was false. Bergeron signed and certified the application for DEM approval knowing that the application information regarding the test boring on dry pipe information was not truthful. DEM approved the application and granted Bergeron an ISDS permit in March 1983.

In May of 1983, Bergeron transferred the parcel to Robert Andreozzi. Andreozzi transferred the parcel, in October of 1986, to co-defendants Vincent and Jamie Moretti (Morettis) who were alleged to be partners in or connected with Stubblebrook Partnership, and who were aware of the lot's DEM deficiencies. The plaintiffs purchased the property on November 17, 1986 from the Morettis. The plaintiffs allege that the Morettis also provided them with the Bergeron ISDS permit. During the plaintiffs' ownership of the parcel, which lasted until 1988, they renewed the Bergeron permit on two occasions. In July of 1988, the plaintiffs sold the parcel to Steven Forney. Shortly thereafter, DEM suspended the ISDS approval on the parcel due to the existence of wetlands. Forney then brought an action against the plaintiffs in Kent County Superior Court for misrepresentation and breach of contract. During that trial, which is separate from the instant case, Bergeron testified that at the time of the 1983 ISDS permit application, he had already been aware that the lot was too wet to be buildable and that there had been no test pipe.

On November 14, 1996, the plaintiffs filed the instant action against Bergeron and the Morettis. In this appeal we are concerned only with the claims against Bergeron, which included fraud and conspiracy to defraud. Bergeron filed a motion to dismiss the plaintiffs' claims pursuant to Rule 12(b)(6), on the ground that the applicable statute of limitations had expired. The trial justice agreed, holding that the ten-year statute of limitations for fraud began running in 1983 when Bergeron filed the false ISDS application. An order granting Bergeron's motion to dismiss entered on May 16, 1997 and this appeal followed.

We initially note that plaintiffs' appeal is premature, there having been no final judgment entered in this case nor any certification pursuant to Super.R.Civ.P. 54(b), having been made or entered. Still pending below are the plaintiffs' claims against the Morettis and the Morettis' cross-claims against Bergeron. Because the granting of Bergeron's

12(b)(6) motion as to plaintiffs' claims adjudicated fewer than all of the claims of the parties, this case is not ripe for appeal absent an express determination by the trial justice that there is no just reason for delay and that final judgment may enter. Normally, we would dismiss the appeal for that reason and remand the case to the Superior Court for consideration of Rule 54(b) certification. In this particular case, however, in an effort to conserve judicial resources and because we have unanimous view on the merits, we proceed to decide this appeal and make our disposition contingent upon 54(b) certification, which we shall order to be entered when the papers in this case are remanded to the Kent County Superior Court.

Actions for fraud in Rhode Island are subject to the ten-year statute of limitations contained in G.L.1956 § 9–1–13(a). *See Bourdon's Inc. v. Ecin Industries,* 704 A.2d 747, 753 (R.I.1997). The trial justice held that plaintiffs' claim accrued in 1983 when Bergeron filed his application with the DEM for an ISDS permit, certifying that the parcel contained a dry, test hole. We disagree.

"[W]e have consistently held that in situations in which a reasonable person would not have discovered the legal actin prior to the time of injury, the statute begins to run at the time the injury manifests itself." *Lee v. Morin,* 469 A.2d 358, 360 (R.I.1983). *See also Boghossian v. Ferland Corp.,* 600 A.2d 288 (R.I.1991). Here, although Bergeron's DEM application was filed in 1983, there is no evidence that the plaintiffs were aware of the existence of the application, much less the fraudulent representations contained therein, until their purchase of the parcel on November 17, 1986. Furthermore, during the plaintiffs' ownership of the parcel between 1986 and 1988, DEM twice renewed the Bergeron application on behalf of the plaintiffs. We need not determine the precise moment that the plaintiffs' fraud claims against Bergeron accrued, but need only say that it did not accrue prior to their purchase of the property on November 17, 1986. for that reason the filing of plaintiffs' complaint on November 14, 1996 was within three (3) days of the ten-year expiration of the statute of limitations.

We remit the papers in this case to the Superior Court with directions to the trial justice to enter a Rule 54(b) order and thereupon the plaintiffs' appeal is sustained.