James E. BJARTMARZ

v.

PINNACLE REAL ESTATE
TAX SERVICE.

No. 99–223–M.P.

Supreme Court of Rhode Island.

May 11, 2001.

William E. Smith, Lincoln D. Almond, Providence, for Plaintiff.

James Bjartmarz (pro se), for Defendant.

Present WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case concerns the arbitrability of an employment-related dispute. The petitioner, Pinnacle Real Estate Tax Service (Pinnacle), is here on certiorari seeking reversal of a Superior Court order denying its motion to stay the lawsuit pending arbitration of various claims that an employee has asserted against it.[1] We ordered the parties to show cause why we should not resolve this petition summarily. Because they have not done so, we proceed to decide the petition at this time.[2]

Pinnacle contends that the motion justice erred in not staying the employee's Superior Court lawsuit because the employment agreement between Pinnacle and the employee, respondent James E. Bjartmarz (Bjartmarz), specified that all employment disputes between them shall be resolved by binding arbitration. Pinnacle's predecessor in interest, American Realty Tax Services, hired Bjartmarz in 1995. In September 1997, National Information Group purchased American Realty Tax Services and changed its name to Pinnacle Real Estate Tax Services. In that same month Pinnacle asked its employees in its Rhode Island office to sign application agreements and employment agreements. At first Bjartmarz refused to sign either agreement. Apparently, he disagreed with the arbitration clause in the applica-

tion agreement because it specified that arbitration disputes would be resolved in California. He also disagreed with various other provisions contained in the agreements, such as the biweekly schedule of payments and the offering of mere "straight pay" for holiday labor.

Bjartmarz allegedly told Pinnacle that its refusal to pay "time and a half" for work performed on Columbus Day, Veterans Day, and Victory Day was in violation of Rhode Island labor law. He asserted that Pinnacle failed to pay him time and a half for Veterans Day on November 11, 1997. Bjartmarz also allegedly informed Pinnacle on March 19, 1998, that he would notify the "labor department" about Pinnacle's violations of Rhode Island labor law.

Nevertheless, despite his objections, on March 19, 1998, Bjartmarz signed the employment agreement with Pinnacle. According to Pinnacle, it no longer required Bjartmarz to sign the application agreement. Nevertheless, Pinnacle still required Bjartmarz to sign the employment agreement for him to receive a pay raise. Unlike the application agreement, however, the employment agreement's arbitration clause did not specifically require arbitration in California, but simply stated that all employment disputes shall be resolved by binding arbitration. Pinnacle asserts that it would seek arbitration in Rhode Island only for the current dispute.

In the succeeding months, Bjartmarz's ongoing dispute with Pinnacle over the biweekly pay schedule and holiday-pay issues continued. Bjartmarz alleged that Pinnacle failed to pay him time and a half

---

1. The actual motion denied was a motion to dismiss or in the alternative a motion to stay the court proceeding pending arbitration. Pinnacle is seeking review only of the denial of its motion for a stay.

2. Because the respondent, James E. Bjartmarz, was unrepresented by counsel and

failed either to submit a brief in opposition to the petition for certiorari or to appear at the April 4, 2001 show-cause hearing on this matter, we took the petition under advisement without hearing oral argument from petitioner's attorney.

for work on Victory Day on August 10, 1998. He said that later in August 1998 Pinnacle told him that his benefits package was being reduced and that he might lose his company vehicle.

On October 21, 1998, Bjartmarz filed a pro se complaint against Pinnacle in the Superior Court. His complaint includes counts for failure to pay overtime for holiday work, failure to make weekly payments, failure to furnish an accurate statement of earnings, and violation of the Rhode Island Whistleblowers' Protection Act, G.L.1956 § 28–50–3. Thereafter Pinnacle filed a motion to dismiss, or in the alternative, to stay proceedings pursuant to G.L.1956 § 10–3–3.

At the hearing on Pinnacle's motion, Bjartmarz explained to the court that he was being paid $12 per hour to "do paper research" at town halls for Pinnacle. He admitted that he had signed the employment agreement and had faxed a copy of it to Pinnacle, but he also asserted that he had signed it because Pinnacle had told him that it then would fax him back his requested changes to the agreement— changes that were supposed to include the removal of the arbitration clause, the holiday-pay provision, and the biweekly pay provision. The motion justice said that she did not believe that Bjartmarz's assertions could be considered under the parol-evidence rule, unless Bjartmarz was "saying there was some fraud that induced [him] to sign the contract." Bjartmarz replied that he was indeed asserting fraud in the inducement. Thereafter, the motion justice denied both Pinnacle's motion to dismiss and its motion for a stay, as well as its later-filed motion for reconsideration.

■ On certiorari to this Court, Pinnacle argues that the motion justice erred in denying its motion for a stay. It contends that the Superior Court must stay proceedings, pursuant to § 10–3–3, if the matter is referable to arbitration. It notes that the employment agreement signed by Bjartmarz clearly requires this dispute to be resolved by arbitration. It further contends that the motion justice should not have relied on unsworn statements by Bjartmarz on the day of the hearing concerning what the parties allegedly discussed before Bjartmarz signed the agreement. Pinnacle additionally argues that any belated claim of fraud in the inducement can be handled at arbitration because it was asserted against the agreement as a whole and not specifically against the arbitration clause. Therefore, Pinnacle says, this claim should be decided via arbitration. Finally, Pinnacle argues, at the very least the motion justice should have conducted an evidentiary hearing on the issue of fraud in the inducement before it denied Pinnacle's motions. Pinnacle points out that Bjartmarz's affidavits did not substantiate any fraud allegations and that Bjartmarz's statements to the motion justice during the hearing were unsworn. Pinnacle argues that at the very least it should have been allowed an opportunity to counter Bjartmarz's unsubstantiated claims of fraud and that it should have been allowed to cross-examine Bjartmarz about his allegations.

Section 10–3–3 entitled "Stay of actions on issues referable to arbitration," provides:

> "[I]f any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the suit is pending, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties, stay the trial of the action until the arbitration has been had in accordance with the terms of the agree-

ment, providing the applicant for the stay is not in default in proceeding with the arbitration."

The issue for decision, therefore, appears to hinge on whether the arbitration clause in the employment agreement is enforceable. If it is, then the proceedings in the Superior Court must be stayed. On the other hand, "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the arbitration agreement is in issue, the court shall proceed summarily to the trial thereof." Section 10–3–5.

■ Bjartmarz orally alleged before the motion justice that fraudulent statements by Pinnacle induced him to sign the employment agreement. To be sure, if one is induced to enter into a contract based upon a fraudulent statement from the other party to the contract, then the party who has been fraudulently induced is not bound by the contract. *See Continental Illustrating Co. v. Longley Motor Sales Co.*, 43 R.I. 552, 553, 113 A. 869, 869–70 (1921). And a party may invoke a claim of fraud in the inducement, even if he or she was negligent in failing to read the contract. *See St. Paul Fire & Marine Insurance Co. v. Russo Brothers, Inc.*, 641 A.2d 1297, 1299 (R.I.1994); *Continental Illustrating Co.*, 43 R.I. at 553, 113 A. at 869–70. In addition, parol evidence is admissible in connection with proving a claim for fraud in the inducement of a contract. *See Allen v. Perrino*, 55 R.I. 353, 357, 181 A. 407, 408–09 (1935). But a fraud-in-the-inducement claim that is directed generally at a contract is still referable to arbitration. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270, 1277 (1967) (interpreting the Federal Arbitration Act). On the other hand, a claim for fraud in the inducement specifically pertaining to the acceptance of an arbitration

provision in a contract may be adjudicated by a court.

■ Bjartmarz's responses to the motion justice's questions appeared to indicate that Pinnacle allegedly represented to him that it would delete the arbitration provision from the agreement—among other provisions that were objectionable to him—if he signed the agreement and faxed it to Pinnacle. These responses, however, were not under oath, nor were they in furtherance of any claim in the complaint for fraudulent inducement. Therefore, Bjartmarz's unsworn allegations of fraud in the inducement—which surfaced for the first time during the oral arguments on the motion to stay the case pending arbitration—normally should not have been allowed to defeat the motion to stay. If, however, in deference to Bjartmarz's pro se status, the motion justice was inclined to overlook these deficiencies in the way in which Bjartmarz had raised his fraud-in-the-inducement claim, she should have, in the words of § 10–3–5, "proceed[ed] summarily to the trial thereof"—or at least scheduled an evidentiary hearing—on the issue of whether Pinnacle had induced Bjartmarz fraudulently to accept the arbitration provision in the employment agreement. In attempting to establish such a fraud claim with respect to the arbitration provision, the claimant must prove that the alleged defrauding party " 'made a false representation intending thereby to induce [the claimant] to rely thereon' and that the [claimant] justifiably relied thereon to his or her damage." *Travers v. Spidell*, 682 A.2d 471, 472–73 (R.I.1996) (quoting *Cliftex Clothing Co. v. DiSanto*, 88 R.I. 338, 344, 148 A.2d 273, 275 (1959)). If Bjartmarz successfully were able to establish these elements in proving that he was induced by Pinnacle's supposed fraud to accept the arbitration provision—and not just the entire employment agreement—

then his substantive claims could be pursued and resolved in the Superior Court action. Otherwise, if he was not fraudulently induced to accept the arbitration provision, his claims must be handled via arbitration according to the employment agreement and the requirements of § 10–3–3.

The Superior Court denied Pinnacle's motion to stay on the basis that additional "facts predicate to the invocation of the arbitration provision" needed to be resolved. We hold that, as a result of this finding and pursuant to § 10–3–5, the court should have deferred ruling on the motion to stay and proceeded to resolve these predicate facts "summarily" via a trial or an evidentiary hearing that would be limited to the fraudulent-inducement issue. If such a proceeding demonstrates that Bjartmarz's allegations of fraud in the inducement are groundless, then Pinnacle may renew its motion to stay the Superior Court proceedings pending arbitration. If, on the other hand, that proceeding results in a finding that Pinnacle fraudulently in-

duced Bjartmarz to sign the employment agreement that included the arbitration provision, the court should deny the motion to stay and then proceed to resolve the underlying claims as if no written arbitration agreement ever had existed.

For the foregoing reasons, we grant the petition for certiorari, quash the order of the Superior Court denying the motion to stay, and remand this case to the Superior Court with directions to "proceed summarily" under § 10–3–5 with a limited evidentiary hearing or a trial to determine whether the complaint is referable to arbitration or whether, because of alleged fraud in the inducement of the arbitration provision, "the making of the arbitration agreement" should be vitiated.