**William NAPIER et al.**

v.

**EPOCH CORPORATION et al.**

**No. 2005–114–Appeal.**

Supreme Court of Rhode Island.

May 1, 2006.

James A. Currier.

Matthew H. Leys, Newport.

### ORDER

This case came before the Court on April 3, 2006, pursuant to an order directing the parties to appear and show cause why the matter should not summarily be decided. After reviewing the memoranda and supporting documents submitted by the parties, and after listening to the arguments of counsel, we are of the opinion that cause has not been shown, and proceed to decide the case at this time without further briefing or argument. We reverse the judgment of the Superior Court.

On October 28, 1996, the plaintiffs purchased a modular home from H. David Camara, doing business as Fireside Homes. In connection with the purchase of the home from Fireside, the Napiers also executed an enrollment form to secure a limited warranty on their new home. The following words are printed on the enrollment form:

"Both the Builder and the purchaser(s) must sign this Enrollment form. By

signing, the purchaser acknowledges that he has read the attached Agreement and has received a copy of this page and the Agreement itself. The Builder represents and warrants that he is registered with QBW, that the home has been inspected and will be processed for enrollment, and that he has paid the fees for enrollment or will do so as invoiced by QBW." [1]

Another document entitled a "Limited Warranty Agreement" purportedly was attached to the enrollment form.

Over time, the Napiers contended that various defects in their new home were the result of the negligence of a number of different parties. After receiving a letter from the Napiers detailing these defects, Quality Builders sent a reply letter noting that the items they complained about were not covered by the warranty. Dissatisfied with this response, the Napiers filed suit on August 11, 2004, against Epoch Corporation, K.S.I. Products, and Quality Builders Warranty Corporation, alleging negligence and a breach of a variety of warranties. Included in count 6 of plaintiffs' complaint was an allegation that Quality Builders had refused to honor an express warranty with respect to windows and sliding glass doors in their home.

Shortly thereafter, on August 19, 2004, Quality Builders corresponded with plaintiffs' counsel and pointed out (1) that the complaint and claim procedure set forth in the warranty document mandated the arbitration of disputes before filing suit, and (2) that the warranty document contained a provision for the assessment of Quality Builders' legal fees in the event that this procedure was not followed.

The Napiers pressed on with their suit, however, and Quality Builders responded with a motion to dismiss the suit, pursuant to Rules 12(b)(1) and 12(b)(6) of the Superior Court Rules of Civil Procedure. Attached to Quality Builders' motion was a copy of the enrollment form and the warranty agreement itself.

On November 1, 2004, Quality Builders' motion came before a hearing justice of the Superior Court. After examining the documents proffered by Quality Builders, the hearing justice inquired of plaintiffs' counsel as to why the matter should not be placed into arbitration. The plaintiffs' counsel responded that no discovery had been initiated and that the documents attached to the motion had not been authenticated by affidavit or otherwise. Pressed by the hearing justice as to what discovery he would contemplate, plaintiffs' counsel stated "[t]his supposed warranty—I don't know whether it is a contract or what it is, but it is not signed by anybody. The only thing that we signed was an enrollment form with the builder, which doesn't indicate we agreed to do anything with this corporation." At that point, the hearing justice granted Quality Builders' motion to dismiss and the plaintiffs timely appealed to this Court.[2]

On appeal, the Napiers contend that the hearing justice erred when he granted Quality Builders' motion to dismiss pursuant to Rule 12(b)(6) because the hearing justice considered matters outside of the pleadings. The enrollment form and purported limited warranty were neither attached nor referred to in plaintiffs' complaint but were attached to Quality Builders' Motion to Dismiss. The Napiers concede that Rule 12(b) allows a motion justice to consider matters outside of

---

**1.** QBW refers to defendant, Quality Builders Warranty Corporation.

**2.** At a subsequent hearing, on January 4, 2005, the hearing justice assessed $8,046.85 in counsel fees against plaintiffs.

the pleading and consider the motion as one filed for summary judgment under Rule 56 of the Superior Court Rules of Civil Procedure. However, they contend that in such a case "all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Rule 12(b). This, they argue, the hearing justice did not do. We agree with the plaintiffs.

We have said on many occasions that "[s]ummary judgment is an extreme remedy and should be granted only when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law.'" *Plunkett v. State,* 869 A.2d 1185, 1187 (R.I.2005) (quoting *Wright v. Zielinski,* 824 A.2d 494, 497 (R.I.2003)). Here, in response to the hearing justice's inquiry as to what discovery was contemplated, the plaintiffs' counsel said that at that point he did not even know who the signatories to the contract were, that his clients had not made any agreement with Quality Builders, and that there was nothing before the court authenticating the documents by affidavit or otherwise. In our opinion, before he converted this motion from a motion to dismiss under Rule 12(b)(6) into a summary judgment motion by considering matters outside of the pleadings, the motion justice should have given the plaintiffs a *"reasonable opportunity to present all material made pertinent to such motion by Rule 56." Bowen Court Associates v. Ernst & Young, LLP,* 818 A.2d 721, 726 (R.I.2003). We therefore reverse the judgment and remand the papers in this case to the Superior Court.