William NAPIER et al.

v.

EPOCH CORPORATION et al.

No. 2008–148–Appeal.

Supreme Court of Rhode Island.

June 5, 2009.

James A. Currier, Esq., for Plaintiff.

Matthew H. Leys, Esq., Newport, for Defendant.

Present: GOLDBERG, Acting C.J., FLAHERTY, SUTTELL, ROBINSON, JJ. and WILLIAMS, C.J. (Ret.).

## OPINION

Justice SUTTELL, for the Court.

The plaintiffs, William Napier and Christine Napier, appeal from an order awarding attorneys' fees and costs to the defendant, Quality Builders Warranty Corporation (QBW). This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After examining the written and oral sub-

missions of the parties, we are of the opinion that the appeal may be resolved without further briefing or argument. For the reasons set forth below, we vacate the judgment of the Superior Court.

## I

### Facts and Procedural History

Allegations of faulty windows and sliding doors in a modular home that was purchased over twelve years ago are the foundation of this controversy, which bring the parties before this Court for a second time. *See Napier v. Epoch Corp.*, 896 A.2d 739 (R.I.2006) (mem.) (*Napier I* ). Briefly stated, the facts are as follows. The plaintiffs purchased a modular home on October 28, 1996. In connection with this purchase, plaintiffs executed a one-page "enrollment form" to secure a limited warranty on their new home, issued by defendant QBW. Attached to, and purportedly part of, the enrollment form was a limited-warranty agreement detailing the parties' respective obligations and responsibilities.

On January 19, 2004, plaintiffs sent a letter to QBW complaining of condensation and ice accumulation on the inside of their windows and sliding doors, and referring to various express warranty standards in the limited-warranty agreement. QBW replied to plaintiffs by letter dated January 26, 2004, explaining that the defects complained of were not covered by the warranty because windows and glass were one-year warranted items.

Thereafter, plaintiffs filed the instant action on August 11, 2004, against Epoch Corporation, K.S.I. Products, Inc., and QBW, asserting claims of negligence and breach of various warranties.[1] The plain-

---

1. Epoch Corporation is a foreign corporation that manufactured the home purchased by

tiffs' complaint included a claim against QBW for refusing to honor an express warranty with respect to windows and sliding glass doors in their home. A few days later, on August 19, 2004, QBW sent a letter to plaintiffs' counsel urging voluntary dismissal of the suit against QBW under the terms of the limited-warranty agreement. The letter explained "(1) that the complaint and claim procedure set forth in the warranty document mandated the arbitration of disputes before filing suit, and (2) that the warranty document contained a provision for the assessment of Quality Builders' legal fees in the event that this procedure was not followed." *Napier I*, 896 A.2d at 740.

The plaintiffs did not pursue alternate dispute resolution and pressed on with their suit. Subsequently, QBW moved to dismiss plaintiffs' claim under Rule 12(b)(1) and 12(b)(6) of the Superior Court Rules of Civil Procedure, attaching a copy of the enrollment form and warranty agreement to its motion. On November 1, 2004, a hearing justice considered the attached documents and granted QBW's motion to dismiss. He awarded attorneys' fees to QBW at a subsequent hearing. The plaintiffs filed a timely notice of appeal to this Court.

On appeal, this Court reversed the judgment of the hearing justice. *Napier I*, 896 A.2d at 741. We explained that when the hearing justice considered materials outside the pleadings, the motion to dismiss was converted into a motion for summary judgment. *Id.* at 740–41; *see* Super. R. Civ. P. 12 and 56. The hearing justice erred, therefore, when he failed to give plaintiffs a *"reasonable opportunity to present all material made pertinent to such motion by Rule 56." Napier I*, 896 A.2d at 741 (quoting *Bowen Court Associates v. Ernst & Young, LLP*, 818 A.2d 721, 726 (R.I.2003) (emphasis in original)).

In May 2006, after the case was remanded to the Superior Court, QBW again filed a pre-answer motion to dismiss, requesting that the court treat the motion as one for summary judgment pursuant to Rule 12(b). QBW again sought attorneys' fees and costs. A hearing on the motion was held on September 5, 2006. A second hearing justice treated the motion to dismiss as a motion to stay litigation pending arbitration pursuant to G.L.1956 § 10–3–3.[2] In an order entered on September 22, 2006, the second hearing justice stayed the litigation pending arbitration based on the terms of the limited-warranty agreement. The second hearing justice also deferred the issue of attorneys' fees and costs. The plaintiffs did not file an appeal from this order. *See* § 10–3–19 (orders entered pursuant to § 10–3–3 are appealable); *Forte Brothers, Inc. v. State Department of Transportation*, 541 A.2d 1194, 1196 (R.I.1988) (order for arbitration has sufficient elements of finality to warrant appellate review).

plaintiffs. K.S.I. Products, Inc., is a foreign corporation, now defunct, that manufactured the windows plaintiffs allege are defective. The plaintiffs did not name the builder of the home as a party. The builder was registered with QBW, which issued a limited warranty on the home. QBW's sole relationship with plaintiffs is one of limited warrantor.

**2.** General Laws 1956 § 10–3–3 provides:
"If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the suit is pending, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties, stay the trial of the action until the arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration."

QBW continued to press its request for reimbursement of costs and expenses of litigation, including attorneys' fees, under a separate motion filed on October 26, 2006. The second hearing justice noted that she was under the impression that because the litigation previously had been stayed for arbitration, all attendant issues also were in abeyance. Nonetheless, upon being informed that counsel sought resolution of the question of reimbursement, the second hearing justice solicited briefs from both parties on the motion. She issued a written decision on December 14, 2007, granting QBW's request for attorneys' fees and costs, excepting any sums associated with the pursuit of the *pro hac vice* admission of a Pennsylvania attorney. In reaching her decision, the second hearing justice found that both plaintiffs signed the enrollment form prefacing the limited warranty agreement, that this was sufficient to constitute execution of a warranty agreement, and that plaintiffs had freely contracted to the terms set forth in that agreement. She explained that the limited-warranty agreement outlined the steps required to make a coverage claim with QBW. She found that it clearly mandated arbitration of disputes as a "condition precedent to the commencement of any litigation," and it "unequivocally informs the homeowner that bypassing the dispute resolution procedure will result in reimbursement to QBW." Because plaintiffs ignored these provisions and initiated litigation, she found them responsible for attorneys' fees and costs. On March 17, 2008, a judgment was entered in favor of QBW for

$15,321.01, plus interest. The plaintiffs now appeal from this judgment.

On appeal, plaintiffs argue that the second hearing justice erred by failing to rule on QBW's motion to dismiss. They request that this Court rule on the motion to eliminate the possibility of future appeals, and they seek denial of the motion on the ground that a set of facts might be proved to support plaintiffs' claim. The plaintiffs suggest that they cannot be bound by the arbitration provision because they were not "acting on equal footing" with QBW and did not bargain for or voluntarily agree to arbitration; they contend that the arbitration provision would deny them their "day in court." They further assert that the foregoing makes an award of attorneys' fees inappropriate.[3]

QBW responds that the second hearing justice did, in fact, rule on its motion to dismiss when she treated it as a motion to stay litigation pending arbitration. QBW contends that plaintiffs cannot raise any issues connected to the validity of the decision to stay litigation because plaintiffs never appealed that order, and that the only issue before this Court is the propriety of the award of attorneys' fees and costs. In the alternative, QBW contends that plaintiffs' argument that the arbitration clause is unenforceable is without merit, especially considering that "despite the pendency of this litigation for over four years, they have never presented an affidavit or even unsworn allegation, nor even articulated a theory, to support such vague and unspecified claims or to give a motion justice any reason to believe that a fact issue actually exists." Finally, QBW main-

---

**3.** We note that plaintiffs failed to order any of the transcripts from the hearings in this case. This Court has stated that it is the appellant's "responsibility to provide those portions of the trial transcript that are necessary for this Court to perform a meaningful review." *Shorrock v. Scott*, 944 A.2d 861, 864 (R.I.

2008). The decision to pursue an appeal without ordering the full transcript of the Superior Court proceedings is "risky business." *731 Airport Associates, LP v. H & M Realty Associates, LLC*, 799 A.2d 279, 282 (R.I.2002).

tains that plaintiffs are responsible for attorneys' fees and costs under the contractual provisions of the limited-warranty agreement.

## II

## Discussion

We first note that the Superior Court did not enter a judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure; thus, this case is not properly before us. *See Jones v. Moretti,* 711 A.2d 1156, 1156–57 (R.I.1998) (mem.). "[W]hen fewer than all of the claims in a case have been adjudicated, the trial court may direct the entry of final judgment as to those claims, but only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." *Small Business Loan Fund Corp. v. Loft,* 734 A.2d 953, 954 (R.I.1998). As plaintiffs' underlying claims have been stayed in this case, partial final judgment under Rule 54(b) is required. Usually, we would remand the case to the Superior Court for consideration of Rule 54(b) certification. Because it is our opinion, however, that the award of attorneys' fees and expenses of litigation was premature, we vacate the judgment without prejudice to QBW and remand the case so that the dispute may be submitted to arbitration in accordance with the previous order of the Superior Court.

We have recognized "that the question of an award of attorney's fees is within the parameters of judicial discretion and will not be disturbed absent a clear showing of an abuse of such discretion."[4] *Bitgood v. Allstate Insurance Co.,* 481 A.2d 1001, 1008 (R.I.1984) (citing *Young v. Exum,* 110 R.I. 685, 692, 296 A.2d 451, 455 (1972)). We consider it an abuse of discretion, however, for the second hearing justice to have awarded QBW attorneys' fees and costs after she had ordered a stay of litigation pending arbitration under the terms of the limited-warranty agreement. The purpose of such a stay is to halt all judicial proceedings and maintain the legal status quo, usually to await the resolution of collateral, often extrajudicial, events. *See McDonough v. McDonough,* 962 A.2d 47, 55 (R.I.2009) (an effect of a stay is preservation of the status quo); 30 Am. Jur.2d *Executions, Etc.* § 36 at 69 (2005) (sole purpose of a stay pending appeal is to preserve the status quo); *see also Pellegrino v. Rhode Island Ethics Commission,* 788 A.2d 1119, 1127 (R.I.2002) (stay issued to allow the plaintiffs to exhaust their administrative remedies). A stay pending arbitration is meant to avoid any complications that could arise if duplicative proceedings progressed simultaneously. *See* § 10–3–3; *Cruz v. Wausau Insurance,* 866 A.2d 1237, 1240 (R.I.2005) (courts generally require that parties stay on the "dispute-resolution path" until they have reached the end of that path). The second hearing justice failed to adhere to the stay when she ruled on the matter of QBW's entitlement to reimbursement of expenses under the limited-warranty agreement.

The plaintiffs invite us to go beyond addressing the propriety of the reimbursement award and determine the enforceability of the arbitration clause. We decline to do so. Because plaintiffs did not seek review of the order staying litigation pending arbitration, the order remains undisturbed. We note, however, that issues

---

4. This Court adheres to the "American rule" that litigants generally are responsible for their own attorneys' fees and costs. *See Moore v. Ballard,* 914 A.2d 487, 489 (R.I. 2007). However, attorneys' fees may be appropriately awarded, at the discretion of the trial justice, given proper contractual or statutory authorization. *Id.; Kells v. Town of Lincoln,* 874 A.2d 204, 214 (R.I.2005).

concerning the validity of the arbitration clause, or the jurisdiction of the arbitrator, may be addressed in arbitration, thereby affording plaintiffs an outlet for their grievances.

### III

### Conclusion

This litigation has been ongoing for nearly five years. We are particularly frustrated by the fact that, despite the order of the Superior Court, this dispute has not proceeded to arbitration. Notwithstanding the time and effort that has already gone into this matter, the plaintiffs have not provided any facts about the circumstances surrounding the execution of the limited-warranty agreement to support their argument that they did not agree to arbitration. After our prior decision in *Napier I,* 896 A.2d at 740–41, in which we granted the plaintiffs the opportunity to present all material pertinent to a motion for summary judgment, they did not submit to the second hearing justice any affidavits, documentation or other evidence indicating that they did not voluntarily agree to the terms of the limited-warranty agreement beyond their naked assertion that they were not on "equal footing" with QBW. *See Bjartmarz v. Pinnacle Real Estate Tax Service,* 771 A.2d 124, 127 (R.I. 2001) (unsworn statements by the plaintiffs of fraud in the inducement to sign the arbitration provision in an employment agreement would not be sufficient to prevent a stay of the litigation and referral of the case to arbitration). Nor did the plaintiffs furnish us with transcripts of the hearings below for our review. Instead, the plaintiffs have rested on their pleadings. *See, e.g., Ouch v. Khea,* 963 A.2d 630, 632 (R.I.2009) ("[t]he party opposing a motion for summary judgment has an affirmative duty to introduce evidence that established the existence of a genuine is-

sue of material fact" and " 'cannot rest upon mere allegations or denials in the pleadings' ") (quoting *Benaski v. Weinberg,* 899 A.2d 499, 502 (R.I.2006)). Meanwhile, QBW has relentlessly pushed for fee reimbursement in an amount that now exceeds the plaintiffs' initial claim for damages. The parties have danced in circles long enough. This Court will take no further action in this matter until the arbitration process is completed. We are hopeful that this dispute can be resolved in arbitration.

Accordingly, we vacate, without prejudice, the award granting QBW reimbursement of attorneys' fees and costs. The record in this case may be remanded to the Superior Court for further proceedings consistent with this opinion.