Chief Justice SUTTELL, concurring in part and dissenting in part,
with whom Justice GOLDBERG joins.
I concur with the majority opinion in all respects except for its discussion of attorneys’ fees and costs in subpart III, A.4. Although I agree with the majority that a contractual basis exists for such an award in this case, I do not believe it to be mandatory; rather it is a matter that is reserved to -the sound discretion of the trial justice.-
' Clearly § 11.3 of the Goat Island South Condominium Second Amended and Restated Declaration of Condominiums (GIS SAR) supplies the contractual predicate for an award of attdrneys’ fees. Except in those rare situations where the Legislature has provided that “the court" shall award * *' * reasonable attorney[s’] fees,” see, e.g., Alves v. Hometown Newspapers, Inc., 857 A.2d 743,-757 (R.I.2004) (quoting G.L.1956 § 9-33-2(d)), our jurisprudence has entrusted the determination- of whether to award attorneys’ fees in appropriate cases to the sound discretion of a trial justice. Women’s Development Corp. v. City of Central Falls, 764 A.2d 151, 162 (R.I.2001) (“Given a proper contractual, statutory, or other legal basis to do so, the award of attomey[s’] fees rests within the sound discretion of the trial justice.”). Our opinion in Sophie F. Bronowiski Mulligan Irrevocable Trust v. Bridges, 44 A.3d 116 (R.I.2012), is illustrative. In that case, we.held that the trial justice abused her discretion by failing to -award attorneys’ fees where the clear-language of a lease agreement provided that the tenant would pay reasonable attorneys’ fees and costs should a -court render a judgment in the landlord’s favor.in a legal action to recover for damages- to the property. Id. at 122. We remanded the case to the Superior Court in part for a hearing on the issue of the attorneys’ fees incurred by the landlord in its effort to recover damages from the tenant for the repairs required to the property.- Id. Nevertheless, we maintained our adherence “to the ‘American rule’ that litigants are generally responsible -for -.their own. attorneys’ fees and costs,” but that “attorneys’ fees may be appropriately awarded, at the discretion of the. trial justice, given proper contractual or statutory authorization.” Id. (quoting Napier v. Epoch Corp., 971 A.2d 594, 598 *122 n. 4 (R.I.2009) (emphasis added)). This Court has recently reaffirmed that our review of a trial justice’s decision regarding attorneys’ fees has two distinct prongs: “If it is determined that there is an adequate legal basis for such an award [which requires a de novo determination], then we review a trial justice’s decision awarding or denying attorneys’ fees for an abuse of discretion.” Danforth v. More, 129 A.3d 63, 72 (R.I.2016). In my opinion, our case law dictates that, when a contractual basis for the award of attorneys’ fees exists, the question of whether or not to award any amount of attorneys’ fees in light of the facts and circumstances of an individual case remains squarely within the discretion of a trial justice.
The case under review illuminates the wisdom of this policy. All the reasons articulated by the trial justice to support her decision to deny plaintiffs’ requested relief that defendants be ordered “to remove any and all construction that extends Unit No. 18 beyond its pre-expansion footprint” also support her decision to deny plaintiffs an award of attorneys’ fees and court costs. The trial justice referenced the testimony of Bennie Sisto, “an additional trustee” of defendant Constellation Trust, who acknowledged that he had expanded the unit by constructing walls on an existing foundation. At the time, the GIS SAR provided that alterations to any building of the Harbor Houses Condominium Association, Inc. (Harbor Houses) required the prior approval of only the Harbor Houses executive board, not all 154 unit owners of Goat Island South. GIS SAR § 2.3(a)(i). Moreover, the Harbor Houses declaration in effect at the time permitted “a unit owner to expand the footprint of his or her unit onto his or her yard, so long as that expansion [did] not encroach onto the yard of the neighboring unit.” Sisto v. America Condominium Association, Inc., 68 A.3d 603, 612-13 (R.I. 2013).[6] The trial justice referred to Mr. Sisto’s “sincerely held beliefs of good faith compliance with the Condominium Act and the [GIS SAR].”
In addition, the trial justice found that defendant’s expansion project had been endorsed by Harbor Houses, and that it did not result in any view obstruction for any other unit owner at Goat Island South. Further, she noted that nine other units at Harbor Houses had been expanded without objection. As the majority points out, it is “understandable that the [Constellation] Trust, upon purchasing Unit 18, reasonably believed that it was able to expand on the existing foundation that had been installed by the previous owners; it acted in good faith.”
Under the “exceptional and virtually unique circumstances” of this case, I believe that the trial justice’s decision to deny attorneys’ fees is fully sustainable. I acknowledge that the trial justice did not specify whether she denied an award because she did not believe it was warranted or because she did not believe that she had the authority to make an award. In her decision she said that the court “declines to award the [plaintiffs court costs and attorney[s’] fees.” Her use of the verb “declines” certainly suggests that she recognized that there was a basis for awarding fees and costs, but that she was nevertheless refusing to award them.
*123 In any event, this case will now be remanded for a determination of attorneys’ fees and costs. The majority leaves unanswered, however, the question of whether the trial justice must award the plaintiffs the full amount of their reasonable attorneys’ fees and costs or whether a lesser amount might suffice. Because I believe that any award of attorneys’ fees and costs in this case is properly entrusted to the sound discretion of the trial- justice, I respectfully dissent from that portion of the majority opinion.

. It was not until June 26, 2013, nearly one year after the trial justice’s decision, that this Court issued its opinion declaring that G.L. 1956 § 34-36.1-2.17(d) required the unanimous approval of all unit owners of Goat Island South for the expansion of defendant’s unit, not just the Harbor Houses executive board. Sisto v. America Condominium Association, Inc., 68 A.3d 603, 614 (R.I.2013).